IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN WAYNE BENDER, ) | |
| ) | Civil Action No. 05-998 |
| Petitioner, ) | |
| ) | Chief Judge Donetta W. Ambrose |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| JAMES WYNDER, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

AND NOW, this 5th day of ~~May,~~ June 2006, it is hereby **ORDERED** and **DIRECTED** that:

1. Petitioner's *Motion for Judgment on the Pleadings* (Doc. No. 30) is **DISMISSED AS MOOT**;

2. Petitioner's *Motion for Bail* (Doc. No. 37) is **DENIED**. The undersigned has recommended that the district court deny the Petition for Writ of Habeas Corpus because Petitioner's claims have no merit. There are no extraordinary circumstances that would permit bail while the district court considers the Report & Recommendation;

3. Petitioner's *Motion to Compel Service of Petitioner's Post-Conviction Relief Act Petition Upon the Court and Petitioner* (Doc. No. 39), *Motion for Rule or Order to Show Cause* (Doc. No. 40), *Motion for Contempt* (Doc. No. 41), *Motion for Contempt* (Doc. No. 50),

*Motion for Contempt* (Doc. No. 51), *Motion for Rule or Order to Show Cause* (Doc. No. 53), *Motion for Contempt* (Doc. No. 54), are **DISMISSED**. Each motion seeks relief relating to Petitioner's request that the Commonwealth provide him with a copy of the 133-page PCRA petition and the 90 pages of attached exhibits that he filed in state court. On March 22, 2006, the undersigned issued an Order directing District Attorney Nancy D. Vernon to provide to Petitioner and to file with this court a copy of Petitioner's PCRA petition. (See Doc. No. 34). In her Response to these motions (Doc. No. 49), District Attorney Vernon stated that she would provide Petitioner with a copy of his PCRA petition. Petitioner contends that he has not yet received a copy of the pleading.

To determine whether District Attorney Vernon complied with the March 22, 2006 Order, she is directed to file an affidavit **on or before June 13, 2006**, stating to the court if she complied in full with the Order, and, if not, why she did not comply in full.[1]

4.  Petitioner's *Motion, In the Interest of Judicial Economy, to Find Respondents['] Answer/Reply to Petitioner[']s Habeas Corpus As Waived As a Matter of Law* (Doc. No. 48) is **DENIED**. There is no merit to Petitioner's contention that the Respondents'

---

[1] It is noted that Petitioner should have possession of his PCRA petition because he previously attached a copy of it as an exhibit to filings he made in state court. In any event, the state court record contains sufficient records (including but not limited to his 70-page "Brief for Appellant" and attached exhibits, which he filed with the Superior Court of Pennsylvania during the PCRA proceedings; the state court opinions; the PCRA hearing transcripts; and his Motion for Reconsideration of Denial for Second Evidentiary Hearing) to assist Petitioner in submitting his claims to this court, and from which this court can adjudicate his claims. Moreover, a review of the Petitioner's 143-page Memorandum of Law and the exhibits attached thereto (Doc. No. 6) further evidences that Petitioner has access to the documents necessary to present his claims to this court.

Answer was so insufficient that a waiver of their defense against Petitioner's claims occurred;

5. Petitioner's *Motion for Court Appointed Expert(s)* (Doc. No. 56) is **DENIED**. Petitioner seeks the appointment of an expert in the field of child sexual and physical abuse. He claims his request to the PCRA court for the appointment of such an expert was denied. Under Pennsylvania law, the PCRA court had the discretion as to whether to appoint a mental health expert. There is no federal constitutional nor federal statutory right to the appointment of an expert under the circumstances presented here. Cf. Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998) ("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state . . . proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation . . . Federal habeas power is limited . . . to a determination of whether there has been an improper detention by virtue of the state court judgment.") (internal quotations omitted); see also 28 U.S.C. § 2254(e)(2).

Moreover, upon review of Petitioner's argument in support of the motion for appointment, the Petition for Writ of Habeas Corpus, the Memorandum of Law, and the state court record, Petitioner has failed to show that he is entitled to discovery or to expand the record under Rule 6 and Rule 7 of the Rules Governing Habeas Corpus Cases Under Section 2254.

6.     The parties are allowed ten (10) days from this date to appeal this order to a District Judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

*[signature]*
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: June 5, 2006.

cc:     The Honorable Donetta W. Ambrose

    CHARLES A. FULLER, SR.
    FG-2434
    S.C.I. at Houtzdale
    P.O. Box 1000
    Houtzdale, PA 16698

    Mary Lynch Friedline
    Office of the Attorney General
    564 Forbes Avenue
    6th Floor, Manor Complex
    Pittsburgh, PA 15219