# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN WAYNE BENDER, ) | |
| ) | Civil Action No. 05 - 998 |
| Petitioner, ) | |
| ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | |
| JAMES WYNDER, *et al*., ) | ECF Nos. 75, 77 |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the following reasons, it is respectfully recommended that Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) and/or (6) (ECF No. 77) be denied and that his Application for Leave to Proceed *in forma pauperis* (ECF No. 75) be dismissed as moot.

### II. REPORT

Petitioner's Motion for Relief from Judgment is based on the United States Supreme Court's recent decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), which held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at 1320.

Petitioner argues that he is entitled to Rule 60(b) relief pursuant to Martinez. However, for the reasons explained herein, Petitioner's motion should be denied.

### A. Background[1]

On July 13, 2001, Petitioner was convicted of second-degree murder in the death of his estranged wife's boyfriend, Marvin Knieriem. He was also convicted of one count each of burglary, terroristic threats, and aggravated assault, and three counts of recklessly endangering another person. After the jury convicted Petitioner, Petitioner's attorney filed a direct appeal on his behalf to the Superior Court of Pennsylvania. On December 31, 2002, the Superior Court affirmed Petitioner's judgment of sentence.

Petitioner then filed a petition for relief pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), in which he raised approximately 10 issues of ineffective assistance of counsel. The PCRA trial court appointed counsel to represent Petitioner, but Petitioner informed the court that he wanted to represent himself. A PCRA hearing was conducted on October 28, 2003 and March 12, 2004, and the PCRA trial court denied relief on June 16, 2004. Petitioner appealed to the Superior Court of Pennsylvania, but the appellate court issued a decision in which it affirmed denial of PCRA relief.

On September 15, 2005, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The undersigned issued a Report and Recommendation dated June 5, 2006, recommending that the habeas petition be denied. Following the filing of objections, District Judge Donetta W. Ambrose adopted the Report and Recommendation, denying Petitioner's

---

[1] The background information in this section is taken from the undersigned's Report and Recommendation dated June 5, 2006 (ECF No. 58).

habeas petition and a certificate of appealability. Petitioner appealed and the Third Circuit Court of Appeals denied his request for a certificate of appealability on April 11, 2007.

Now pending before the Court is a Rule 60(b) motion whereby Petitioner asserts that he is entitled to relief pursuant to Martinez.

B. **Discussion**

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief form the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances" to justify the reopening of a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). The Supreme Court has recognized that "[s]uch circumstances will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535.

To the extent Petitioner argues that the newly issued Martinez decision constitutes extraordinary circumstances sufficient to reopen a final judgment under Rule 60(b), the Court finds that it does not. Although the Third Circuit has yet to address this question, the Fifth Circuit has held in Adams v. Thaler, 679 F.3d 312 (5th Cir. 2012) that "the Martinez decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)." Id. at 320 (internal quotations omitted). In that case, Beunka Adams, facing imminent execution, sought to have his execution stayed while he prosecuted a Rule 60(b)(6) motion based on Martinez, asserting his intention to "vindicate his constitutional right to effective counsel." The court explained that:

> In his Rule 60(b)(6) motion, Adams stated that the district court relied on Coleman to conclude that Adams's ineffective assistance of trial and appellate counsel claims were procedurally defaulted and that ineffective assistance of state

3

post-conviction counsel could not constitute cause to excuse the default. Adams asserted that, since the district court's judgment, the Supreme Court had decided Martinez, which created an exception to Coleman's holding that ineffective assistance of state habeas counsel cannot constitute cause to excuse procedural default. Adams argues that Martinez constitutes "extraordinary circumstances" entitling him to Rule 60(b)(6) relief.

679 F.3d at 316. The Fifth Circuit then went on to conclude:

> [I]n denying Adams's initial federal habeas petition, the district court correctly determined that Adams's claims were procedurally defaulted pursuant to the then-prevailing Supreme Court precedent of Coleman. The Supreme Court's later decision in Martinez, which creates a narrow exception to Coleman's holding regarding cause to excuse procedural default, does not constitute an "extraordinary circumstance" under Supreme Court and our precedent to warrant Rule 60(b)(6) relief. *See* Gonzalez, 545 U.S. at 536, 125 S. Ct. 2641; Bailey, 894 F.2d at 160. The Martinez Court's crafting of a narrow, equitable exception to Coleman's holding is "hardly extraordinary." Gonzalez, 545 U.S. at 536, 125 S. Ct. 2641; *see also* Martinez, 132 S. Ct. at 1320 ("The rule of Coleman governs in all but the limited circumstances recognized here.").
>
> Because the Martinez decision is simply a change in decisional law and is "not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)," Adams's 60(b)(6) motion is without merit.

679 F.3d at 320. Thus, the Fifth Circuit vacated the district court's stay of execution. The Supreme Court, in turn, refused to stay Adams's execution. Adams v. Thaler, 132 S. Ct. 1995 (2012).

Other district courts have reached holdings similar to the Fifth Circuit in finding that Martinez does not present extraordinary circumstances justifying reopening of habeas proceedings under Rule 60(b). *See* Arthur v. Thomas, No. 2:01-CV-0983-LSC, 2012 U.S. Dist. LEXIS 85563, at * 13-17 (N.D. Ala. June 20, 2012); Sims v. Houston, No. 4:07CV3088, 2012 U.S. Dist. LEXIS 80945, at *2 (D. Neb. June 12, 2012). *But see* Lopez v. Ryan, 678 F.3d 1131, 1135-36 (9th Cir. 2012) (finding that "the Supreme Court's development in Martinez constitutes a remarkable – if limited – development in the Court's equitable jurisprudence" and weighs

4

slightly in favor of reopening the petitioner's habeas case) (internal quotations and citations omitted). Like those courts, this Court concludes that Martinez does not support a finding of extraordinary circumstances.

Moreover, even if Martinez could constitute "extraordinary circumstances" so as to warrant relief from a long-standing judgment, there is nothing in Martinez that amounts to a change in the law that is applicable to Petitioner's situation. In Martinez, the Supreme Court summarized the two situations in which a habeas petitioner could establish cause for the default of an ineffective assistance of counsel claim:

> The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984).

Martinez, 132 S. Ct. at 1318. In addition to proving that one of those two situations applies, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. With respect to what constitute a "substantial" claim, the Court suggested, by citing Miller-El v. Cockrell, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue), that courts should apply the standard for issuance of certificates of appealability.

In his federal habeas petition, Petitioner raised numerous claims of ineffective assistance of counsel. Although one of those claims was found to be procedurally defaulted, the undersigned nevertheless addressed it on its merits, along with each of Petitioner's ineffective assistance of counsel claims, and recommended that it be denied. The Report and Recommendation was adopted as the Opinion of this Court. Therefore, there was no ineffective assistance of counsel claim presented in Petitioner's habeas petition of which the Court denied

5

solely on the basis of a procedural default and to which Martinez would even remotely apply. Moreover, and most importantly, Petitioner elected to represent himself during his PCRA proceedings despite the PCRA court appointing him counsel. Thus, even had the Court denied the ineffective assistance of counsel claim solely based on Petitioner's procedural default, such default was caused by Petitioner's own ineffectiveness to which Martinez cannot reasonably be said to apply. *Cf*. Faretta v.California, 422 U.S. 806, 834-35 n.46 (1975) (stating that a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel); Fischetti v. Johnson, 384 F.3d 140, 154 (3d Cir. 2004) ("Of course, a defendant who proceeds *pro se* voluntarily cannot assert a claim of ineffective assistance of counsel.").

The undersigned notes that Petitioner appears to invoke Martinez so as to excuse the procedural default of his "prosecutorial misconduct and overreaching claims."[2] However, Martinez recognized only a "narrow exception" to the general rule that attorney errors in collateral proceedings do not establish cause for a procedural default. This exception applies only to claims of ineffective assistance at trial which would otherwise be defaulted due to attorney ineffectiveness in an initial-review collateral proceeding which provides the first occasion for such claim to be raised. The exception does not apply to the procedurally defaulted claims argued by Petitioner where the first opportunity to raise them was on direct appeal. *See*

---

[2] In his habeas petition, Petitioner raised several claims faulting the state courts for failing to address the underlying constitutional claims that provided the basis for his ineffective assistance of counsel claims. *See* ECF No. 58 at 20. However, the undersigned found that those claims were waived under Pennsylvania state law because Petitioner had the opportunity to raise those claims on direct appeal yet did not raise them until his post-conviction proceedings. Id. The PCRA courts properly interpreted Petitioner's contentions that Petitioner's trial and direct appeal counsel provided him with ineffective assistance of counsel for failing to raise the underlying claims of constitutional error. Id. Those ineffective assistance of counsel claims were properly exhausted before the state courts, presented in Petitioner's habeas petition, and addressed on their merits by this Court. Id. However, to the extent Petitioner attempted to raise the purported constitutional violations that provided the basis for his ineffective assistance of counsel claims as independent claims that entitled him to federal habeas relief, the undersigned noted that those claims were not properly exhausted and were therefore procedurally defaulted. Id.

Ibarra v. Thaler, 687 F.3d 222, 224 (5th Cir. 2012) ("Martinez, by its terms, applies only to ineffective-assistance-of-trial-counsel claims."). Therefore, Martinez does not provide an avenue for Petitioner to demonstrate cause for the claims which the Court found to be procedurally defaulted.

Finally, any argument advanced by Petitioner that the procedural default of these claims should be excused because he did not properly waive his right to PCRA counsel is meritless as there is no federal constitutional right to counsel in collateral review proceedings and Martinez did not change that long-established principle. See Martinez, 132 S. Ct. at 1315; Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Dunn v. Colleran, 247 F.3d 450, 467 (3d Cir. 2001).

Petitioner provides no cause to disturb the Court's dismissal of his habeas petition.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) and/or (6) (ECF No. 77) be denied and that his Application for Leave to Proceed *in forma pauperis* (ECF No. 75) be dismissed as moot.

Dated: March 4, 2013.

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Steven Wayne Bender
    ES-6699
    SCI Dallas
    1000 Follies Road
    Dallas, PA 18612

    Counsel of Record